O’Neall J.
delivered the opinion of the Court.
In this case two questions are alone necessary tobe considered: 1st, was the plaintiff’s motion in time? 2d, were the grounds on which it was proposed to attack the garnishees return, sufficient in law to sustain the suggestion proposed to be filed?
1st. It seems that the writs of attachment were returnable to Obtober term, 1844; at that term, and until the next, (March, 1844,) the plaintiff might, of course, have filed his suggestion. But as that was not done, or to be done, during March term, 1845, if followed, it could only be filed according to Martin v. Parham, 1st Hill, 215, upon leave of the Court obtained, on cause being shown. This made the leave discretionary in a great degree, with the Judge below. The only limit to his discretion would be, that he should not exceed plain legal principles, in granting or refusing it.
2d. This brings us to the second question. The fund intended to be reached, was money recovered, in the U. S. Court, and not yet received. That it was not liable to the attachment, when Messrs. Petigru and Lcsesne were served with copies of the attachment, cannot be made plainer than is done in Burrell v. Letson, 2d Speers, 378. That being so, I think it follows that there was nothing attached, and hence the order made on the circuit was proper in that respect. For, according to settled principles, service of a copy writ on a garnishee, in attachment, constitutes a lien on all in his hands, which might legally be subjected to it. If therefore, the fund itself was not liable to the attachment, when the service was made, it could not be *245 afterwards liable, unless it was clearly shewn, that between the lodgment and return of the writ, the fund was in some way so changed as to be answerable to it. In this case, I suppose it is thought, that when the Marsha! of the 17. S. collected the money from the defendant, and paid it to Mr. Porcher, it became in some way eondemnable to the plaintiff’s action, as in the hands of Mr. Petigru, the defendant’s attorney in fact, as it is alleged. There is no doubt, that when the money was in the hands of the Marshal, it was not attachable. For money collected by the sheriff of one of our own Courts, has been held not to be liable to be. seized by virtue of an' attachment. Blair v. Cantcy, 2d Speer’s, 34. But it has been argued, that inasmuch as Mr. Petigru received from the defendant a power oí attorney to receive the money, but did not choose to receive it, and constituted Mr. Porcher by tlie authority contained in the same power, the attorney of the defendant to receive the money, which he did, he (Mr. Petigru) is to be considered in law, as having the fund in his hands. The words of the attachment act authorizing the attaching, in the hands of a garnishee, direct the sheriff to “attach the monies, goods, chattels, debts, and books of account, belonging to the absent debtor, in the hands of any person or persons •whatsoever, and the attaching of any part, in the name of the whole that is in such person’s hands, power, or possession,” &c. Reading this clause and comparing both parts together, I should be very much inclined to say, that the words, “hands, power, or possession” aroused as of equivalent import; and that the words, “power or possession,” do not enlarge the meaning of the words, “in the hands.” They certainly mean to declare liable to the attachment, what is in fact or in law in the garnishee’s possession. In this sense, can Mr. Petigru be regarded as having the money of tlie defendant, in Ms hands, pc wer or possession? Certainly not! He might, if he would, have obtained the possession, but the exercise of his power to receive was necessary to bring the fund actually or legally into his possession. This he did not do. Mr. Porchcr’s receipt of the money cannot be considered as Mr. Petigru’s. For the maxim, qui facit per alium facit per se, does not apply *246 between them. Mr. Porcher, though appointed by Mr. Petigru, was not his attorney, but the attorney of his principal, Mr. Letson, and it is between them that the maxim has its force and application.
It is therefore clear, that the money of Letson was not “in the hands” of the garnishee, Mr. Petigru, and that he and Mr. Lesesne were properly discharged.
The motion to reverse the order of the Court below, of the 19th of April, 1845, discharging the garnishees, Petigru & Lesesne, is dismissed.
Evans J., Wardlaw J., Frost J., Withers J., concurred.